FENG ZHENG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–2637–ag.

United States Court of Appeals, Second Circuit.

April 16, 2007.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Lawrence H. Fogelman, Sara L. Shudofsky, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Feng Zheng, a citizen of The People's Republic of China, seeks review of a May 5, 2005 order of the Board of Immigration Appeals ("BIA"), affirming the August 26, 2003 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan,

denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Feng Zheng,* No. A78 233 033 (B.I.A. May 5, 2005) *aff'g* No. A78 233 033 (Immig. Ct. N.Y. City Aug. 26, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005). As an initial matter, we lack jurisdiction to review the IJ's factual determination that Zheng failed to establish that he filed his asylum application within one year of his last entry into the U.S. Zheng disagrees only with the IJ's final determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 331 (2d Cir.2006) (finding that reviewable questions of law do not include "mere disagreement[s] with the IJ's factual findings").

As to the agency's adverse credibility determination, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ The IJ reasonably relied on inconsistencies in Zheng's statements regarding his wife's alleged abortion and sterilization. First, Zheng's asylum application states that his wife was sterilized in March 1999, before he left China, but omits the significant allegation that she had also suffered a forced abortion. Second, Zheng testified at his hearing that his wife did not become pregnant after her IUD was removed, but he immediately recanted that testimony, alleging for the first time that his wife was pregnant at the time of her sterilization procedure. Third, he testified—in contradiction of earlier statements—that when he left China, his wife was one or two months pregnant, and that the same pregnancy was later terminated by a forced abortion accompanying her sterilization.

█ These discrepancies go to the heart of Zheng's claims, and undermine his credibility. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 183 (2d Cir.2006). Moreover, because the inconsistencies are glaring, the IJ reasonably relied on them without giving Zheng an opportunity to explain them away. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). In addition, the adverse credibility determination was a proper ground on which to deny Zheng's applications for withholding of removal and CAT relief, where both claims relied on the same factual allegations. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Finally, because the inconsistencies in Zheng's statements provide substantial evidence to support the adverse credibility determination, we do not reach the IJ's other findings, confidently predicting the same result absent any alleged or potential errors. *See Xiao Ji Chen,* 471 F.3d at 339.

For the foregoing reasons the petition for review is DENIED.